IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

MATTHEW JUNE,

          Petitioner,                        ORDER

    v.                                               19-cv-103-wmc

STATE OF FLORIDA, Santa Rosa County,

          Respondent.
---

      Matthew June, an inmate at the New Lisbon Correctional Institution in New Lisbon, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and paid the $5 filing fee. Petitioner is presently serving a sentence imposed by the Circuit Court for Kenosha County, Wisconsin, for armed robbery. The State of Florida has also lodged a detainer based on petitioner's alleged violation of the terms of his probation on two 2008 Santa Rosa County cases for which he was convicted before he was convicted and sentenced in Wisconsin. (Exh. 2 to Pet. (dkt. #1-2) 21). As a result, when petitioner completes his Wisconsin sentence, which he asserts will occur in April or May of this year, he will be transferred to Florida. *See Carchman v. Nash*, 473 U.S. 716, 719 (1985) (detainer is a request filed by a criminal justice agency asking an institution either to hold a prisoner or to notify the agency when his release is imminent). Presumably, Florida will then address petitioner's alleged probation violation.

      In his habeas petition, petitioner does not challenge his Wisconsin custody or conviction, but only the validity of the Florida detainer lodged against him. Petitioner argues that because his Florida term of probation was supposed to run concurrently with any other

1

sentence imposed, it expired halfway through his prison term, making the detainer null and void, and any continued attempt by Florida to detain or extradite him based on alleged past probation violations unlawful. To the extent that petitioner's challenge to the Florida detainer appears to rest on his belief that probation and incarceration can somehow coexist, it fails from the get-go. Probation is an *alternative* to incarceration. Therefore, it is not surprising that none of the authorities that petitioner provides to the court suggests that incarceration and its alternative can be served at the same time.

Regardless of the petition's questionable merit (and putting aside the question whether this court is the proper venue for the petition, *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 499 n.15 (1973) (noting that the district of confinement is ordinarily the most convenient)), it must be dismissed for another reason: petitioner has not exhausted his state court remedies. A petitioner challenging a state detainer must exhaust his available state remedies before seeking federal habeas relief. *Esposito v. Mintz*, 726 F.2d 371, 373 (7th Cir. 1984). To exhaust his remedies, a prisoner must fairly present his claim in each appropriate state court, including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000).

Petitioner filed a motion to quash the detainer in 2017 in Santa Rosa County, Florida, but that request was summarily denied, and he does not appear to have sought to appeal that denial. In November 2018, he petitioned that same court for habeas relief, but has received

no ruling to date. A review of publicly-available records shows that a "Motion for Writ of Habeas Corpus" is currently pending in the sentencing court. https://www.civitekflorida.com/ocrs/app/caseinformation.xhtml?query=8PoWHrQoevpHrV8XjFzjLzuOVIKHjSob0Ad9wv3qonc&from=partyCaseSummary (visited Feb. 27, 2019). Thus, although petitioner initiated state court proceedings in Florida, it appears those proceedings have not concluded. Petitioner "cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). Comity dictates that Florida should have the opportunity to pass on the merits of petitioner's claim before any federal court intervenes.

ORDER

IT IS ORDERED that:

1. Matthew June's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (dkt. #1) is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

2. Petitioner's motion for a stay (dkt. #2) and for the appointment of counsel (dkt. #3) are DENIED as moot.

3. No certificate of appealability shall issue.

Entered this 28th day of February, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge